KENNETH D. COX AND WIFE, LINDA G. COX v. GUY FUNK AND WIFE, HAR-
RIET B. FUNK

No. 7821SC705

(Filed 19 June 1979)

**Contracts § 16— contract to purchase house—sale of buyer's house as condition
precedent**

> Where defendants contracted to purchase plaintiffs' house, the contract
> provided for closing on 19 September 1977, one of the conditions of the pur-
> chase was that it be "Subject to Closing of house at 900 Hawthorne Rd. Sept.
> 15, 1977," this house being defendants' residence, "the subject to closing" pro-
> vision was a condition precedent to the closing of the contract to purchase
> plaintiffs' house; therefore, summary judgment for defendants was proper in
> plaintiffs' action for specific performance of the contract for sale of the real
> property where it was clear from materials offered in support of the motion
> that the sale of defendants' house was not consummated prior to the closing
> date on plaintiffs' house.

APPEAL by plaintiffs from *McConnell, Judge*. Judgment
entered 30 May 1978 in Superior Court, FORSYTH County. Heard
in the Court of Appeals 24 April 1979.

Plaintiffs appeal from the entry of summary judgment in
favor of defendants. Plaintiffs instituted this action seeking
specific performance of a contract for the sale of real property or,
in the alternative, damages for breach of that contract. Defend-
ants denied any breach and counterclaimed for recovery of their
$500.00 deposit. Defendants then moved for summary judgment.
Their affidavits in support of this motion tended to show that
defendants contracted to purchase plaintiffs' house on 1
September 1977. The contract provided for closing on 19
September 1977. Plaintiffs agreed to sell and defendants agreed
to purchase the home upon certain terms and conditions, one of
which was "Subject to closing of house at 900 Hawthorne Rd.
Sept 15, 1977," this house being defendants' residence. Prior to
entering into this contract, defendants had contracted with Dr.
and Mrs. Rupert Fox of Morganton to sell their home to the
Foxes contingent upon the sale of the Foxes' property in Morgan-
ton. The closing date for that sale was 15 September 1977. On 15
September 1977, defendants were informed that the buyers of the
Foxes' property were unable to finance their purchase. The de-
fendants, therefore, could not close on their house as scheduled.

On 19 September 1977, defendants informed plaintiffs' broker that they were invoking the contingency clause in the contract since they were unable to close on their home on 15 September 1977. Dr. Fox's affidavit, submitted in support of defendants' motion, verified these events and stated that the contract to purchase defendants' house was terminated because the condition of closing the Morganton property on 15 September 1977 could not be fulfilled.

In opposition to defendants' motion, plaintiffs submitted the affidavit of Kenneth Cox, one of the plaintiffs, which stated that he received a call from defendants' broker on 15 September informing him that defendants' buyers were unable to arrange financing and would be unable to close that day. Defendants' broker requested a postponement of defendants' and plaintiffs' closing date until 28 September 1977. That evening, defendants visited plaintiffs, expressing their intention to fulfill the contract. On 17 September 1977, defendants again visited the plaintiffs' home and looked over the entire house once more. No problems were mentioned. On 19 September 1977, however, defendants called plaintiffs to cancel the contract because the Foxes did not have the money. Plaintiffs called defendants' broker who stated that some people were going to loan the money to the Foxes' buyers so that they could close. A written extension was prepared but defendants refused to sign. Plaintiffs were prepared to close on 28 September but were informed that the sale would not be consummated. Plaintiffs again listed their house on the market and sold it on 16 December 1977 for less than the contract price with the defendants.

Plaintiffs also offered the affidavit of the Foxes' broker. She stated that Dr. Fox requested an extension of time to close with defendants and defendants verbally agreed to postpone closing until 28 September. A written extension was drawn requesting postponement of closing until 6 October 1977. Defendants refused, for undisclosed reasons, to sign this extension and claimed that the verbal agreement was not binding. Dr. Fox was able to close during the week of 6 October but defendants refused.

Defendants supplied a supplemental affidavit of Dr. Funk wherein he stated that he had agreed to an extension of the closing date provided that he receive from Dr. Fox a guarantee that

the deal would be closed on the extended date without exception. Dr. Fox told him that he could not make this guarantee and, therefore, they agreed to cancel their contract. He refused to sign the written extension because it did not contain the requested guarantee.

The trial court, upon consideration of the pleadings, affidavits, briefs, and oral arguments, granted defendants' motion for summary judgment and ordered that their $500.00 deposit be refunded. From this judgment, plaintiffs appeal.

*Robert D. Hinshaw, for plaintiff appellants.*

*Blackwell, Blackwell, Canady & Eller, by Jack E. Thornton, Jr., for defendant appellees.*

VAUGHN, Judge.

The sole assignment of error in this case is directed to the entry of summary judgment in favor of defendants. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Rule 56(c), North Carolina Rules of Civil Procedure. The crucial question in this case is whether the provision, "Subject to closing of house at 900 Hawthorne Rd. Sept 15, 1977" is a condition precedent to the closing of the contract to purchase the Coxes' house. If so, from the facts presented in the pleadings, affidavits, and exhibits, summary judgment was appropriately entered because it was apparent that the sale of the Funks' house would not be consummated prior to the closing date on the Coxes' home.

> "A condition precedent is a fact or event, 'occurring subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty, before the usual judicial remedies are available.' " (Citations omitted.) *Parrish Tire Co. v. Morefield*, 35 N.C. App. 385, 387, 241 S.E. 2d 353 (1978).

In entering into a contract, the parties may agree to any condition precedent, the performance of which is mandatory before

they become bound by the contract. *Federal Reserve Bank v. Manufacturing Co.*, 213 N.C. 489, 196 S.E. 848 (1938). The contract "may be conditioned upon the act or will of a third person." *Federal Reserve Bank v. Manufacturing Co., supra*, at 493. Conditions precedent are not favored by the law and a provision will not be construed as such in the absence of language clearly requiring such construction. *Price v. Horn*, 30 N.C. App. 10, 226 S.E. 2d 165, *cert. den.*, 290 N.C. 663, 228 S.E. 2d 450 (1976).

We find it unquestionable that this clause was a condition precedent to the closing of the Cox house. No other reason can be given for its presence in the contract. Furthermore, it is a reasonable provision in light of the fact that the defendants would be forced to carry two mortgages if the Foxes' financing could not be arranged in time to close on the Funks' house before the closing of the contract in question.

It is apparent from the pleadings and affidavits introduced that the Funks' house could not be closed prior to the closing of the Coxes' even though there was a tentative agreement to extend the closing on the Cox house until 28 September. The written extension submitted to the defendants by the Foxes' brokers provided for closing on 6 October but this date was not guaranteed. We find that this condition precedent failed to materialize and, therefore, defendants did not breach a contractual duty.

Plaintiffs argue that time was not of the essence and that defendants were under a duty to make a good faith effort to sell their home within a reasonable time. These arguments do not affect the question at issue. Even if time were not of the essence, the condition precedent must still be fulfilled and the record indicates that it could not be fulfilled. Furthermore, there is no evidence to support a contention that the condition precedent failed due to an absence of good faith on the part of the defendants. We, therefore, affirm the trial court's order granting summary judgment in favor of defendants.

Affirmed.

Judges CLARK and CARLTON concur.