LANTY L. SMITH AND MARGARET C. SMITH v. GERALD M. DICKINSON v. MARY LOUISE DICKINSON

No. 8118SC859

(Filed 4 May 1982)

**Contracts § 16— contract to purchase house—condition precedent—summary judgment improper**

Summary judgment was improperly entered for plaintiff sellers in an action to recover for breach of a contract to purchase a house where the offer to purchase provided that it was "conditioned upon: Buyer securing a conventional loan," and where the forecast of evidence showed that, at the time of his loan application, defendant was informed by the loan officer that his wife was also required to sign the deed of trust; defendant was unable to close the loan because his wife thereafter filed for a divorce and refused to sign the deed of trust; and defendant was aware of his marital problems at the time of the loan application.

APPEAL by defendant and third-party plaintiff from *Collier, Judge*. Judgment entered 13 May 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 2 April 1982.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by C. T. Leonard, Jr., and John H. Small, for plaintiff-appellees.*

*Falk, Carruthers & Roth, by Allen Holt Gwyn, Jr., and Sally C. Erwin, for defendant and third-party plaintiff-appellant.*

HILL, Judge.

On 29 May 1980, defendant and third-party plaintiff [hereinafter referred to as husband] learned that he was going to move to Greensboro from his home in Lititz, Pennsylvania. He and third-party defendant [hereinafter referred to as wife] began looking for a house in Greensboro on approximately 7 July.

Together they selected a house owned by plaintiffs at 3100 St. Regis Road, and wife returned to Pennsylvania on 9 July.

On 11 July 1980, husband applied for a conventional residential mortgage loan in the principal amount of $150,000 at Gate City Savings and Loan Association. The loan application shows that title to the property at 3100 St. Regis Road would be held in husband's name only, but husband and wife were listed as coborrowers. While completing the loan application, husband was informed by the loan officer that although he could hold title individually, his wife also must sign the deed of trust. Husband did not indicate at that time that he would have any problem securing his wife's signature on the deed of trust.

Husband and plaintiffs executed an offer to purchase the property on 14 July, and husband paid $15,000 as earnest money to be held in escrow. The following provisions of the offer pertinent to this appeal are as follows:

> This offer is conditioned upon: Buyer securing a conventional loan. . . . Buyer agrees to use his best efforts to secure subject loan and to pay the usual costs in connection therewith. However, in the event Buyer is unable to obtain a loan commitment as herein described on or before July 18, 1980 this agreement (at the option of the seller) shall be considered null and void and earnest money returned to buyer.
>
> . . . .
>
> . . . I agree to make final settlement and to execute the necessary papers in connection therewith on or before the 29th day of August, 1980, and if I fail to do so the earnest money above will be retained by you as liquidated damages for my failure to comply.
>
> . . . .
>
> The deed to the Property shall be made to Gerald Milton Dickinson.

Gate City Savings and Loan Association approved husband's loan application on 18 July 1980 and began preparing the appropriate papers. Meanwhile, husband's family, assisted by wife, prepared to move to Greensboro. On 15 August, the loan papers were delivered to husband with an attached memo requesting

wife's signature where indicated so that closing could occur on 28 August.

However, on 25 August, without warning or notice to husband, wife filed for divorce in Pennsylvania and sought to enjoin husband from removing any personal property from their home in Lititz. Wife then informed husband that she did not intend to sign the loan papers. Late on 27 August, Gate City Savings and Loan Association was informed of wife's refusal to sign the papers, and various financing alternatives did not materialize.

Prior to 25 August, husband and wife had marital difficulties; in fact, before he knew he was going to move to Greensboro, husband returned to Pennsylvania from business trips to visit his family and did not live with wife. At the time of wife's trip to Greensboro to assist husband in looking for a house, husband and wife had not reconciled.

Plaintiffs filed suit against husband on 15 October 1980, and in Count I of their complaint, sought an order from the court "declaring plaintiffs to be entitled to the earnest money of $15,000.00" because husband "breached the contract of July 14, 1980, and refused and failed to make final settlement on or before August 29, 1980 . . .." Husband answered, alleging as a defense that his offer to purchase "was conditioned upon his being able to secure a conventional loan . . . and was a condition precedent to the existence of a contract and to any obligation or liability on [his] behalf . . .. The defendant made a good faith effort to obtain such a loan, but through no fault of his own was not able to do so."

Upon affidavits and husband's deposition that stated facts in accord with those set out above, plaintiffs and husband moved for summary judgment. Plaintiffs' motion was granted, and husband appeals.

We consolidate for disposition the two questions raised by husband and now determine whether the trial judge erred in granting summary judgment for plaintiffs where the forecast evidence shows that the offer to purchase contains a condition that husband obtain a "conventional loan" that he did not fulfill because of the refusal of wife to sign the deed of trust.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c).

"A condition precedent is a fact or event, 'occurring subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty, before the usual judicial remedies are available.' " (Citations omitted.) *Parrish Tire Co. v. Morefield*, 35 N.C. App. 385, 387, 241 S.E. 2d 353 (1978).

In entering into a contract, the parties may agree to any condition precedent, the performance of which is mandatory before they become bound by the contract. *Federal Reserve Bank v. Manufacturing Co.*, 213 N.C. 489, 196 S.E. 2d 848 (1938). The contract "may be conditioned upon the act or will of a third person." *Federal Reserve Bank v. Manufacturing Co., supra*, at 493. Conditions precedent are not favored by the law and a provision will not be construed as such in the absence of language clearly requiring such construction. *Price v. Horn*, 30 N.C. App. 10, 226 S.E. 2d 165, *cert. den.*, 290 N.C. 663, 228 S.E. 2d 450 (1976).

*Cox v. Funk*, 42 N.C. App. 32, 34-35, 255 S.E. 2d 600, 601-02 (1979).

It is unquestionable that the provision in the offer to purchase *sub judice*, "[t]his offer is conditioned upon: Buyer securing a conventional loan," is a condition precedent as defined above. In North Carolina, such a condition precedent "includes the implied promise that the purchaser will act in good faith and make a reasonable effort to secure the financing." *Smith v. Currie*, 40 N.C. App. 739, 742, 253 S.E. 2d 645, 647, *disc. rev. denied*, 297 N.C. 612, 257 S.E. 2d 219 (1979). *See also Mezzanotte v. Freeland*, 20 N.C. App. 11, 200 S.E. 2d 410 (1973), *cert. denied*, 284 N.C. 616, 201 S.E. 2d 689 (1974). Thus, in the case *sub judice*, we perceive that our inquiry is more specifically to determine whether plaintiffs have met their burden to show that husband failed "to use his best efforts to secure subject loan" and did not act in good faith, as a matter of law.

We conclude that plaintiffs have not met their burden. Although nothing in the record indicates that husband suspected that wife would refuse to sign the deed of trust, he was aware of their marital problems. At the time of his loan application, husband was informed by the loan officer that wife also must sign the deed of trust, but he did not indicate at that time that he would have any problem securing her signature. Since reasonable minds may differ as to the conclusion to be drawn on this issue from the forecast evidence, summary judgment for plaintiffs is inappropriate.

For these reasons, the summary judgment is reversed and the cause is remanded.

Reversed and remanded.

Judges WELLS and BECTON concur.