RANDALL AND LINDA MARCUSON, PLAINTIFFS v. BENJAMIN F. CLIFTON, JR., DEFENDANT

No. COA02-240

(Filed 19 November 2002)

**Escrow— payment of sewer assessment—not within required period**

The trial court properly granted summary judgment for plaintiffs who were alleging breach of contract and of fiduciary duty arising from the payment of a sewer assessment from escrow after a real estate sale. Payment from the escrow agreement was limited to 16 months, the assessment was subject to modification until it was confirmed, and the assessment was not confirmed within 16 months of the closing.

Appeal by defendant from order filed 24 October 2001 by Judge Wade Barber, Jr. in Wake County Superior Court. Heard in the Court of Appeals 15 October 2002.

*Younce Hopper Vtipil & Bradford, PLLC, by Danny Bradford for plaintiff appellee.*

*Pendergrass Law Firm, PLLC, by James K. Pendergrass, Jr., for defendant appellant.*

GREENE, Judge.

Benjamin F. Clifton, Jr. (Defendant) appeals from an order filed 24 October 2001 granting summary judgment for Randall and Linda Marcuson (Plaintiffs).[1]

On 11 July 2000, Plaintiffs filed a complaint alleging breach of contract and breach of fiduciary duty seeking to recover $12,000.00

---

1. Although initially Daniel Gallagher and Judith Gallagher (the Gallaghers) were also defendants in this action, their motion for summary judgment was allowed on 15 June 2001 and filed 18 June 2001, based on Plaintiffs' failure to appear at the hearing. Consequently, the Gallaghers are no longer parties in the case.

which they alleged had been held in an escrow account by Defendant. Both parties moved for summary judgment.

The evidence presented at the summary judgment hearing on 23 October 2001 tended to show Plaintiffs entered into a contract to sell their house (the property) to the Gallaghers. Defendant was employed as the closing attorney. As part of the sale of the house, Plaintiffs, Defendant, and the Gallaghers entered into an "escrow agreement" (the agreement). The agreement provided Plaintiffs would deposit $12,000.00 to be held in escrow by Defendant for the payment of a pending sewer assessment. The funds were to be paid to Wake County by Defendant "upon the rendering of billing from Wake County to the record owner [of the property] at that time." If the billing was less than $12,000.00, the remaining balance would be refunded to Plaintiffs. The agreement also contained the following provision: "If an assessment is made such that there is no cost to either the [Gallaghers] or [Plaintiffs] within 16 months of closing, the escrow will be returned to [Plaintiffs] in full." The agreement was signed by Plaintiffs, the Gallaghers, and Defendant.

The closing took place on 2 July 1997, and Plaintiffs' funds to pay the sewer assessment were deposited with Defendant. On 17 November 1997, a preliminary assessment resolution was passed by the Wake County Board of Commissioners stating the assessment would not exceed $10,900.00. The assessment roll for the sewer project was confirmed on 3 January 2000, in the amount of $10,550.00. A Sewer District Assessment Bill (the bill) was subsequently given to Kevin and Kathy Burns (the Burns),[2] the owners of the property at the time, and the bill was due on 3 March 2000.[3] Defendant paid the $10,550.00 assessment out of the escrowed funds.[4] He then returned the remaining balance of $1,450.00 to Plaintiffs.

---

2. The record shows the Gallaghers sold the property to the Burns at some point before the bill was due. This constitutes an alternative basis for affirming the trial court, as the Burns were not parties to the agreement.

3. The record is not clear when the bill was given to the Burns. On its face, it shows a billing date of 1 December 1999. This date would suggest the bill was presented before the assessment was confirmed and appears inconsistent with section 153A-195.

4. The record does not reveal when the bill was paid. Defendant, however, admits in his brief to this Court that he held "the escrowed funds until such time as Wake County submitted a billing for the sewer assessment."

At the conclusion of the hearing, the trial court entered judgment for Plaintiffs in the full amount of $12,000.00.[5]

The dispositive issue is whether the Wake County sewer assessment was "made" within sixteen months of the closing date.

If a contract is unambiguous, "it must be enforced as it is written." *Parks v. Oil Co.*, 255 N.C. 498, 501, 121 S.E.2d 850, 853 (1961). A court must interpret an unambiguous contract "as a whole, considering each clause and word with reference to all other provisions and giving effect to each whenever possible." *Marcoin, Inc. v. McDaniel*, 70 N.C. App. 498, 504, 320 S.E.2d 892, 897 (1984) (citing *State v. Corl*, 58 N.C. App. 107, 293 S.E.2d 264 (1982)). Furthermore, unless circumstances show otherwise, words in an unambiguous contract will be given their "common or normal meaning." *Marcoin*, 70 N.C. App. at 504, 320 S.E.2d at 897 (citing *Jamestown Mut. Ins. Co. v. Nationwide Mut. Ins. Co.*, 266 N.C. 430, 146 S.E.2d 410 (1966)). Dictionaries can be used to determine "the common and ordinary meaning of words and phrases." *State v. Martin*, 7 N.C. App. 532, 533, 173 S.E.2d 47, 48 (1970).

A county board of commissioners may either annul, modify, or confirm a preliminary assessment "in whole or in part, either by confirming the preliminary assessments against any lot, parcel or tract" listed in the preliminary assessment roll, or "by cancelling, increasing, or reducing the assessments" to comply with "the basis of the assessment." N.C.G.S. § 153A-195 (2001). An assessment becomes a lien on property once the assessment is confirmed. *Id.* Once confirmed, the assessment is sent to the county tax collector for collection. *Id.* The tax collector publishes a notice of confirmation, which notice sets a date for payment of the assessment. N.C.G.S. § 153A-196 (2001).

In this case, the agreement is unambiguous. Defendant was not permitted to pay the sewer assessment until a bill was "rendered," and if "rendered," the bill was to be paid only if the assessment was "made" within sixteen months after the closing date. A bill is "rendered" when it is presented. *American Heritage College Dictionary* 1155 (3d ed. 1993) [hereinafter *American Heritage*]. An assessment is "made" when it is carried out. *American Heritage* at 818. The bill at issue in this case was presented to the owners of the property either

─────────────

5. Defendant, of course, is not liable to Plaintiffs on the judgment for the amount refunded to Plaintiffs.

**MARCUSON v. CLIFTON**

[154 N.C. App. 202 (2002)]

on 1 December 1999 (billing date shown on bill) or sometime between 3 January 2000 (assessment confirmation date) and 3 March 2000 (due date) and thus could not have been paid by Defendant earlier than 1 December 1999. The sewer assessment was carried out when it was confirmed on 3 January 2000.[6] Although the bill was not paid until presented, because the assessment was not confirmed within sixteen months of the closing, Defendant had no authority to pay the bill arising from the assessment. Accordingly, the trial court properly granted summary judgment in favor of Plaintiffs.

Affirmed.

Judges MARTIN and BRYANT concur.

.

---

6. This is so because prior to confirmation, the assessment was subject to modification, including elimination. We thus reject Defendant's argument that the assessment was "made" when the preliminary assessment was established.