RAYMOND CARSON AND WIFE PATRICIA CARSON, PLAINTIFFS v. WILSON DON GRASSMANN AND WIFE CYNTHIA GRASSMANN; AND LAW OFFICE of CARL S. CONROY, P.A., ESCROW AGENT, DEFENDANTS

No. COA06-862

(Filed 3 April 2007)

**Real Property— contingency sale—condition precedent—failure to return earnest money—no showing of bad faith**

The trial court did not err by granting summary judgment in favor of plaintiffs and by directing defendants to return the earnest money to plaintiffs after plaintiffs failed to purchase defendants' property because plaintiffs' obligation to purchase defendants' property was contingent on the sale of plaintiffs' existing residence, and that residence was not sold and plaintiffs did not act in bad faith in failing to meet the condition precedent.

CARSON v. GRASSMANN

[182 N.C. App. 521 (2007)]

Appeal by defendants from an order entered 31 March 2006 by Judge William G. Hamby, Jr. in Cabarrus County District Court. Heard in the Court of Appeals 7 March 2007.

*Hartsell & Williams, P.A., by David C. Williams and Christy E. Wilhelm, for plaintiff-appellees.*

*Conroy & Weinshenker, P.A., by Seth B. Weinshenker, for defendant-appellants.*

BRYANT, Judge.

Wilson Don Grassman, his wife Cynthia Grassmann, and the Law Office of Carl S. Conroy, P.A. (collectively "defendants") appeal from an order entered 31 March 2006 granting summary judgment in favor of Raymond Carson and his wife, Patricia Carson, (collectively "plaintiffs"). For the reasons below, we affirm the order of the trial court.

*Facts and Procedural History*

On 27 September 2005, the parties entered into a written "Offer To Purchase And Contract," whereby plaintiffs agreed to purchase defendant-Grassmans' property located at 1140 Westlake Drive, Kannapolis, North Carolina. Under the contract, plaintiffs paid a $15,000.00 earnest money deposit which was held by co-defendant, The Law Office of Carl S. Conroy, P.A. The "Other Provisions and Conditions" clause of the contract provides as follows:

Buyer's offer is contingent on the sale of their existing residence. Buyer has requested, and Seller has agreed, that Seller will not accept any third-party offers for the purchase of the Property for a period of thirty days, as measured from constructive receipt of the Earnest Money Deposit, provided, however, that in the event Buyer has not demonstrated the satisfaction of the contingency on or before the 30th day, Seller shall be free to accept such offers thereafter, and any subsequent breach or inability to close this transaction by Buyer shall result in a forfeiture of the Earnest Money Deposit above.

Pursuant to this provision, defendants did not accept any third-party offers on the property for the thirty-day period. However, plaintiffs failed to sell their existing residence, and plaintiffs did not close on the transaction with defendants. Defendants refused to return the Earnest Money deposited in escrow.

Plaintiffs subsequently commenced this action by filing a Summons and a Complaint for a Declaratory Judgment on 20

February 2006. Defendants served their Answer on 1 March 2006, and thereafter, filed a Motion for Summary Judgment on 6 March 2006. Plaintiffs subsequently filed their own Motion for Summary Judgment on 24 March 2006.

This matter was heard during the 27 March 2006 session of the District Court for Cabarrus County, North Carolina, the Honorable William G. Hamby, Jr., Judge presiding. On 31 March 2006 the trial court entered an order granting summary judgment in favor of plaintiffs and directing defendants to return the earnest money to plaintiffs. Defendants appeal.

---

Defendants raise the issues of whether the trial court erred in: (I) denying defendants' Motion for Summary Judgment; (II) allowing the plaintiffs to recover their deposit by finding the plaintiffs did not act in bad faith; (III) failing to give meaning to all of the provisions of the contract; and (IV) failing to find that the plaintiffs induced the defendants to remove the property from the market for thirty days. However, the dispositive issue in this appeal is whether the trial court properly granted summary judgment in favor of plaintiffs after finding that "Plaintiffs obligation to purchase the Defendants' property was contingent on the sale of their existing residence." For the reasons below, we hold plaintiffs' obligation to purchase defendants' property was contingent on the sale of plaintiffs' existing residence and, as this residence was not sold, we affirm the judgment of the trial court.

### Standard of Review

"The standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Gattis v. Scotland County Bd. of Educ.*, 173 N.C. App. 638, 639, 622 S.E.2d 630, 631 (2005) (citation omitted). "On appeal, an order allowing summary judgment is reviewed *de novo*." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004) (citation omitted).

### Contingency Clause

Defendants argue that the *entirety* of the "Other Provisions and Conditions" clause of the contract, and not just the first sentence, controls when and if plaintiffs forfeit their earnest money deposit. Defendants' argument is misplaced.

Defendants correctly assert that an unambiguous contract must be construed "as a whole, considering each clause and word with ref-

erence to all other provisions and giving effect to each whenever possible." *Marcuson v. Clifton*, 154 N.C. App. 202, 204, 571 S.E.2d 599, 601 (2002) (citation and quotations omitted). However, "[i]n entering into a contract, the parties may agree to any condition precedent, the performance of which is mandatory before they become bound by the contract." *Cox v. Funk*, 42 N.C. App. 32, 34-35, 255 S.E.2d 600, 601 (1979) (citation omitted).

> A condition precedent is an event which must occur before a contractual right arises, such as the right to immediate performance. Breach or non-occurrence of a condition prevents the promisee from acquiring a right, or deprives him of one, but subjects him to no liability. . . . The provisions of a contract will not be construed as conditions precedent in the absence of language plainly requiring such construction.

*In re Foreclosure of Goforth Props., Inc.*, 334 N.C. 369, 375-76, 432 S.E.2d 855, 859 (1993) (internal citations and quotations omitted); *see also Mosely v. WAM, Inc.*, 167 N.C. App. 594, 600, 606 S.E.2d 140, 144 (2004) ("A condition precedent is a fact or event that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty."). Further, "[i]n North Carolina, such a condition precedent includes the implied promise that the purchaser will act in good faith . . . ." *Smith v. Dickinson*, 57 N.C. App. 155, 158, 290 S.E.2d 770, 772 (1982). (citation and internal quotations omitted).

Here, the contract specifically provides that plaintiffs' "offer is contingent on the sale of their existing residence." As the sale of plaintiffs' existing residence did not occur, the contract never came into effect and, if plaintiffs did not act in bad faith, defendants, as promisees, acquired no rights under the contract. *See Cox*, 42 N.C. App. at 34-35, 255 S.E.2d at 601-02 (affirming summary judgment in favor of buyers where the contract to purchase property contained a condition precedent stating the contract was subject to the closing of the sale of the buyers' current home.) The trial court found as fact that "[t]here is no evidence that Plaintiffs acted in bad faith in not satisfying the contingency." While defendants assign error to this finding of fact, they do not challenge the accuracy of the finding, but rather argue that the trial court erred in making the finding at all because "there was no requirement in the contract that the Plaintiffs had to act in 'bad faith' before they forfeited their deposit." This finding of fact is thus binding on this Court on appeal. *Static Control Components, Inc. v. Vogler*, 152 N.C. App. 599, 603, 568 S.E.2d 305, 308 (2002) (holding "because defendant does not argue in his brief

that these findings of fact are not supported by . . . evidence in the record, this Court is bound by the trial court's findings of fact."). Because plaintiffs have not acted in bad faith in failing to meet the condition precedent, defendants have no rights under the contract. We thus affirm the judgment of the trial court and overrule all of defendants' assignments of error.

Affirmed.

Judges McCULLOUGH and LEVINSON concur.