BONE INTERNATIONAL, INC. v. CHARLES O. JOHNSON

No. 847DC1004

(Filed 21 May 1985)

**Automobiles and Other Vehicles § 6.2; Uniform Commercial Code § 11— sale of trucks—disclaimer of warranties—subsequent parol modification—summary judgment improper**

Summary judgment should not have been granted for plaintiff in an action to collect repair bills on trucks sold to defendant by plaintiff where the forecast of evidence was that the written purchase money security agreements entered into by the parties in connection with the sale disclaimed any express or implied warranties on the trucks; the bills of sale had typed on them the words "No WARRANTY"; within a few days of the purchase defendant learned that the particular fleet of which the trucks were a part had had major engine problems and had been recalled by the manufacturer; the trucks which defendant had purchased had not been returned for repairs; defendant returned to plaintiff's place of business and discussed cancellation of the sale but was assured that the trucks would be repaired free of charge if they developed major engine problems; the trucks were taken into plaintiff's garage for repairs when they developed engine problems; plaintiff sent defendant monthly bills for the repairs; and defendant claimed that plaintiff had agreed to adjust the

bills and that plaintiff's owner had told him that defendant was billed and that the bills were inflated so that plaintiff could present a large accounts receivable figure in a loan application. Defendant's testimony as to the subsequent oral modification of the original written agreement raised a genuine issue of fact because the agreement was not subject to the parol evidence rule and required no consideration. Although the parties did not plead or raise the statute of frauds or waiver of the disclaimers, the result would have been the same had they done so. G.S. 25-2-316(2), G.S. 25-2-209(1), G.S. 25-2-209(3) through (5).

APPEAL by defendant from *Brown, Judge.* Judgment entered 18 June 1984 in Superior Court, NASH County. Heard in the Court of Appeals 7 May 1985.

Plaintiff Bone International, Inc., commenced this action to recover $19,567.39 plus interest for labor and materials furnished for repairs to two 1977 White Road Commander trucks owned by defendant Charles Johnson.

In November of 1980, plaintiff sold the two used trucks to defendant for use in his trucking business. Defendant owned up to fourteen trucks and employed operators to drive them. When defendant bought the two Road Commander trucks from plaintiff, he entered into a purchase money security agreement for each, one document being dated 7 November 1980 and the other dated 10 November 1980. Both agreements had a bold face disclaimer on the front page, denying any express or implied warranties of merchantability or otherwise, extending beyond the description of the collateral. Plaintiff prepared a bill of sale for each truck. The bills of sale were dated 10 November 1980, and each had "NO WARRANTY" typed on its face.

Defendant testified by way of deposition that a couple of days after he had agreed to purchase the two trucks, he ran into Raymond Harris, a Cummings Engine representative. Mr. Harris told defendant that all the trucks in the fleet which included the two White Road Commanders had major engine problems and had been recalled by the manufacturer, but that those which defendant bought had not been returned and repaired.

Defendant claimed that he then went to plaintiff's place of business and talked to Dolen Atkinson, one of plaintiff's employees. Defendant told Atkinson that he desired to cancel the sale. Atkinson replied that, if the engines broke down, they would be repaired at no cost to defendant.

The trucks eventually had engine problems, and defendant's drivers took them to plaintiff's shop for repairs. Plaintiff billed defendant's account in the amount of $19,567.39 and sent defendant monthly statements reflecting the charges. Defendant claims that he contacted plaintiff about these bills and that plaintiff agreed to adjust them. Defendant has not paid the repair bills and plaintiff sued to recover.

Plaintiff moved for summary judgment, which was granted. Defendant appeals.

*Fields, Cooper & Henderson, by Roy A. "Coop" Cooper, III, for plaintiff appellee.*

*Farris and Farris, by Thomas J. Farris and Robert A. Farris, Jr., for defendant appellant.*

ARNOLD, Judge.

This is an appeal from an order of summary judgment granted plaintiff in its suit to recover payment for repair work done on two trucks owned by defendant. We must, therefore, determine whether or not the forecast of evidence given by the parties presented a genuine issue of material fact.

Plaintiff claims that defendant owes him $19,567.39 plus interest pursuant to an express agreement for repairs on two White Road Commander trucks. Plaintiff sold these trucks to defendant in November, 1980. They were used at time of sale. On the face of the written purchase money security agreements entered into by the parties in connection with the sale, plaintiff disclaimed any express or implied warranties on the trucks. The bills of sale also had typed on them the words "NO WARRANTY." Plaintiff argues that these written disclaimers and the alleged agreement for repairs should control the disposition of this case.

Defendant claims, however, that within a few days after his purchase of the trucks he discovered that the particular fleet of which they were a part had had major engine problems and had been the subject of a recall from the manufacturer. In addition, he discovered that the trucks he had purchased had not been returned for repairs.

Defendant testified by way of deposition that he immediately returned to plaintiff's place of business and discussed cancellation of the sale. Yet, he said, Dolen Atkinson, plaintiff's employee, assured him that the trucks would be repaired free of charge if they developed major engine problems. Defendant testified that he decided not to seek to cancel the sales contracts when he received this assurance from plaintiff's employee. In his answer to plaintiff's interrogatories, defendant also says that he asked Mr. Atkinson whether they should put their agreement as to repairs in writing, and Atkinson indicated that that was not necessary because plaintiff had never gone back on its word to defendant.

Defendant's trucks developed engine problems and were taken into plaintiff's garage by defendant's drivers. Plaintiff sent monthly bills to defendant for the repairs. Defendant did not pay them. Defendant claims that he contacted plaintiff about the bills, and reminded plaintiff's owner of the previous agreement as to free repairs, and that plaintiff agreed to adjust the amount of the bills. Defendant says he assumed plaintiff would omit charges for the engine repair, because of the prior understanding that the work would be done free. Defendant testified that plaintiff's owner told him that he was billed and that the bills were inflated so that plaintiff could present a large accounts receivable figure to a bank in its application for a loan. Defendant testified also that if he had known he was going to be charged for the repairs he would have had a local mechanic do the work for one-third the cost.

When defendant purchased the trucks from plaintiff, the purchase money security agreements signed by defendant clearly indicated that plaintiff made no express or implied warranties of merchantability or otherwise on the trucks. These disclaimers satisfied G.S. 25-2-316(2), which applies since they were part of an agreement involving the sale of goods. Defendant's post-sale agreement with plaintiff to do major engine repairs without charge constituted an oral modification of the original written agreement that there were no warranties. This *subsequent* agreement was not subject to the parol evidence rule. Further, under G.S. 25-2-209(1), this "agreement modifying a contract within this article [concerning sales under the Uniform Commercial Code] needs no consideration to be binding."

The defendant's testimony as to the oral modification thus raises a statutory defense to plaintiff's suit and so creates a genuine issue of material fact, precluding summary judgment.

We observe that the parties failed to plead or to raise, and so waived, the issues of the statute of frauds, *see*   G.S.  25-2-209(3), waiver of the disclaimers, G.S. 25-2-209(4), and retraction and estoppel, G.S. 25-2-209(5). The pertinent sections of the Code read as follows:

(3) The requirements of the statute of frauds section of this article (§ 25-2-201) must be satisfied if the contract as modified is within its provisions.

(4) Although an attempt at modification or rescission does not satisfy the requirements of subsection (2) or (3) it can operate as a waiver.

(5) A party who has made a waiver affecting an executory portion of the contract may retract the waiver by reasonable notification received by the other party that strict performance will be required of any term waived, unless the retraction would be unjust in view of a material change of position in reliance on the waiver.

Had those issues been raised, on the facts as presented we would have reached the same result: that the summary judgment was improper. Even though there was no writing evidencing the oral modification, the defendant presented evidence that the plaintiff orally waived the written disclaimers and that defendant relied on this waiver to his detriment. This created an issue of fact for the jury on the question of waiver under G.S. 25-2-209 (4)-(5), which is not subject to the statute of frauds.

The order of summary judgment was improperly entered.

Reversed.

Judges MARTIN and PARKER concur.