IN RE E. E. GORHAM, ADMINISTRATOR.

(Filed 4 April, 1917.)

**1. Liens—Buildings—Loans—Resulting Trusts—Husband and Wife.**

> The loan of money by a wife to her husband and used by him in building a house upon his own land does not, in the absence of contract or statute, give the wife a lien upon the house or the land for its repayment, or create a resulting trust in her favor.

**2. Liens—Commingling of Goods—Husband and Wife—Equity.**

> Where the wife has permitted the husband to use her money indiscriminately with his own in erecting a building on his own land, so that the amount may not be ascertained, the doctrine of the admixture of goods would prevent her acquiring a lien for its repayment, were she otherwise entitled to it.

APPEAL by administrator and by claimant from *Winston, J.,* at September Term, 1916, of CUMBERLAND.

*Q. K. Nimocks and E. G. Davis for administrator.*
*Sinclair, Dye & Ray for claimant.*

CLARK, C. J. This is a matter arising out of the administration of the estate of John C. Gorham, deceased. His widow, who has since married and is now Mrs. Chedester, is a claimant against the estate. Her claim was referred to H. S. Averitt, referee, to report the facts and conclusions of law. The referee found that the wife of the deceased loaned him the sum of $6,129.70, which bears interest from September, 1907, and that some part thereof, but the evidence does not prove how much, was used by him in building his residence. He further finds that there is no agreement shown that it should be used in the building and that no resulting trust arises in her favor for whatever amount was so used, and that, therefore, she is not entitled to a lien upon the home place, or on the proceeds thereof, for such of her money as was

used by her husband in the erection of the house. She had filed a claim for the amount used by the husband, describing it as a loan. Though she was allowed in this proceeding to amend that claim by striking out the words, "as a loan," the referee finds as a fact that it was a loan, and further, that as a matter of law, by signing the petition for a sale of the house and lot for partition and by acceptance of the value of her dower out of the proceeds she is estopped to set up a lien against the home place or the proceeds thereof, but is entitled to file her claim as an unsecured creditor against the estate for the sum loaned her husband.

The court on appeal sustained the report of the referee, except that he finds that the amount of money loaned by the wife, which was used by the deceased in building the house, was $6,129.70. The administrator appeals from this ruling upon the ground that there is no evidence to support it. The claimant appeals because it was held that she had no lien or resulting trust in the building for that amount.

The evidence is that the building cost $12,000 and that no part of the wife's money went into the purchase of the lot on which it was erected.

If the judgment is correct, in which we concur, that the wife has no lien or resulting trust on the house by reason of the loan to her husband, it becomes immaterial to consider the ruling that the widow was estopped, by joining in the partition proceedings and receiving the value of her dower out of the proceeds, to set up the lien, and also whether or not the evidence established how much of the money she loaned her husband went into the construction of the building.

There was no evidence and no findings that the husband received the money under an agreement to use it or any part of it in constructing the building, and there is nothing from which the court could construe that there is a resulting trust in the wife's favor. It could not arise from the mere fact of loaning money to her husband. Such lien could arise only by contract or by statute, and there was neither, and there was nothing to put other creditors on notice of such lien. Even if there was such use of the wife's money, together with other funds, in building the house, the wife, having permitted such mixture of the funds, could not claim a lien. *Wells v. Batts,* 112 N. C., 283. There is also authority, if it were necessary to pass on the point, that by joining in the proceedings for sale of the premises in partition and accepting her allotment thereof for dower she is estopped. *Weeks v. McPhail,* 129 N. C., 73; *Propst v. Caldwell,* 172 N. C., 594.

The judgment that the claimant is entitled to prove for the full amount of the loan, as found by the judgment, against her husband's estate as an unsecured claim and to receive her pro rata is

Affirmed.