STATE EX REL MATTIE L. A. OLIVER ET AL. v. THE UNITED STATES
FIDELITY AND GUARANTY COMPANY AND E. E. GORHAM,
ADMINISTRATOR, ETC.

(Filed 27 November, 1918.)

**1. Principal and Agent—Scope of Authority—Evidence—Duplicate Writing.**

A duplicate of an original written authority to an agent to act in respect
of the matters in controversy, though unsigned by the principal, is compe-
tent as evidence of the authority therein conferred where it appears that
the principal had prepared the original and duplicate, signed and retained
the former and returned the duplicate to his agent, for in thus acting the
principal becomes a party to the transaction to the same extent as if he
had signed the duplicate.

**2. Same—Contracts—Agreements—Statute of Limitations—Principal and
Surety—Litigation—Interests.**

A general agent, without respect to the usual scope of such agencies,
may bind his principal by an act he was specially authorized to do; and
where a general agent of a surety company has induced a ward to forego
suing his principal, a surety on a guardian bond, until certain litigation
had terminated, bearing directly upon the extent of his principal's liabil-
ity, under promise not to plead the statute of limitations, and there is
evidence that the agent was authorized by his principal to act in that liti-
gation for it, both as agent and attorney at law, it is sufficient to be sub-
mitted to the jury, upon the question whether the agent's agreement not
to plead the statute of limitations was within the direct authority given
him by his principal, the surety company.

**3. Contracts—Statute of Limitations—Statutes—Writing—Parol Agree-
ments—Equity.**

A promise not to plead the statute of limitations, when founded upon a
sufficient consideration, is not required by our statute to be in writing,
Revisal, sec. 371, and the parol promise is upheld upon the equitable prin-
ciple that to permit the debtor to avail himself of its benefits before the
statute had run and then deny his obligation would be against good con-
science and tend to encourage fraud.

APPEAL by defendant from *Connor, J.,* at the February Term, 1918,
of CUMBERLAND.

This is an action to recover the amount due the plaintiff as the ward
of John C. Gorham against the defendant, the surety on the guardian
bond.

The facts necessary to an understanding of the questions presented
are stated in the report of a former appeal (174 N. C., 417), except
that at the second trial the plaintiffs, in reply to the plea of the statute
of limitations, contended that they were induced to delay the commence-
ment of this action by the request of the general agent of the defendant
not to sue and by the promise not to plead the statute of limitations.

There was evidence tending to prove this contention of the plaintiffs, but not that any request or promise was in writing.

At the conclusion of the evidence the defendant moved to nonsuit the plaintiffs upon the ground that there was no writing tending to prove the request or promise, and upon the admitted facts the plaintiffs' cause of action was barred. Motion was denied, and the defendant excepted. There are other exceptions, which will be referred to in the opinion.

There was a verdict and judgment for the plaintiffs, and the defendant appealed.

*Sinclair & Dye for plaintiffs.*
*E. G. Davis and J. C. McRae for defendant.*

ALLEN, J. When this action was tried the first time in the Superior Court it was held that the defendant was not protected by lapse of time under the plea of the statute of limitations because it was a foreign corporation and had not appointed a process agent in the State, following *Voliver v. Cedar Works*, 152 N. C., 656, but this ruling was reversed on appeal and a new trial ordered upon the ground that, while no regular process agent had been appointed, the defendant had at all times after the cause of action accrued a general agent in the county of Cumberland upon whom the summons might have been served, and but for this fact the judgment in favor of the plaintiffs would have been affirmed. See *Anderson v. Fidelity Co.*, 174 N. C., 417.

At the second trial the plaintiffs replied to the plea of the statute of limitations that the commencement of the action had been delayed at the request of the same general agent, and because they were led to believe by his conduct and promises that the amount due would be paid as soon as the claim of Mrs. Chedister was settled, and that the lapse of time would not be relied on, and the defendant met this position of the plaintiffs by the contention that the agent was one of limited powers, that he was not a general agent and could not bind the defendant except in the execution of certain bonds, and that defendant was not therefore bound by his request not to sue, or by the promise not to plead the statute of limitations, and further that no request or promise of the agent could avail the plaintiffs because not in writing.

The important questions, therefore, presented by this appeal are exceptions to evidence tending to show the authority of the agent, the extent of the powers of the agent, and whether the request not to sue and the promise not to plead the statute of limitations must be in writing, and these will be considered in their order.

The plaintiff offered in evidence a paper-writing in which the agent agreed with the defendant, among other things, "To assist in the inves-

tigation and settlement of claims made upon bonds, policies, or the company's other insurance."

This paper was objected to because it was not signed by the defendant, but it was properly admitted because it was in evidence that the paper was prepared by the defendant in duplicate and sent to the agent for his signature; that he signed both copies and returned them to the defendant, and that the defendant then sent one copy to the agent, retaining the other.

When the defendant prepared the paper and required the agent to agree with the defendant to do certain things, and retained it in order that it might enforce its terms, it became a party to the agreement, as much so as if its signature had been attached.

While this agreement was in force the widow of the guardian, John C. Gorham, then Mrs. Chedister, filed a claim against the estate of the guardian, seeking to have a debt due her of about $6,000 declared a charge on the residence lot.

The defendant was interested in this litigation because if the claimant succeeded, the assets from the estate of the guardian applicable to the claim of the plaintiffs in this action would be reduced and the liability of the defendant herein correspondingly increased. The agent notified the defendant of the pendency of the litigation, and it employed an attorney to represent it with the agent, who was also an attorney, which they did, although the defendant was not then a party to the record.

The claim of Mrs. Chedister was not finally settled until 1916, less than a year before this action was commenced, and then in favor of the defendant's contention (see *In re Gorham,* 173 N. C., 272), and while pending the plaintiffs made frequent demands upon the agent for payment of the amount due them, and were met by the request to wait until the Chedister litigation ended in order that the amount to be applied from the guardian's estate could be ascertained, and by the assurance that defendant would pay without regard to the lapse of time. The agent then had in charge for the defendant, as agent and attorney, the interest of the defendant in the Chedister claim, which was closely related to the demand of the plaintiffs, at the time the requests and promises were made, and these were to promote the interest of the defendant and inured to its benefit.

Under these conditions, considered in connection with the evidence of the agent that he was general agent and the requirement in the agreement to assist in the settlement of claims, we are of opinion there is ample evidence of authority in the agent to bind the defendant by the promise not to plead the statute of limitations, as the principal is responsible for the acts of the agent when specially authorized, and also "When the agent acts within the scope of his apparent authority, unless

the third person has notice that the agent is exceeding his authority, the term 'apparent authority' including the power to do whatever is usually done and necessary to be done in order to carry into effect the principal power conferred upon the agent and to transact business or to execute the commission which has been intrusted to him." *Bank v. Hay,* 143 N. C., 331.

The remaining question is whether it is necessary for the request and. promise to be in writing, the defendant relying on Revisal, sec. 371, which is as follows: "No acknowledgment or promise shall be received as evidence of a new or continuing contract, from which the statutes of limitations shall run, unless the same be contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

It is true that *Smith, C. J.,* for whose learning we have the highest respect, said in a concurring opinion in *Joyner v. Massey,* 97 N. C., 153, that this statute applied to promises not to plead the statute of limitations, and this is referred to without approval or disapproval by *Clark, C. J.,* in *Brown v. R. R.,* 147 N. C., 217, but the opinion of the majority of the Court in *Joyner v. Massey* was the other way, and it is expressly decided in *Cecil v. Henderson,* 121 N. C., 244, that the statute has no application, and that requests not to sue and promises not to plead the statute of limitations need not be in writing.

In giving effect to such requests and promises, the courts proceed upon the idea of an equitable estoppel, holding that it would be against good conscience and to encourage fraud to permit the debtor to repudiate them when by his conduct he has lulled the creditor into a feeling of security and has induced him to delay bringing action (*Daniel v. Comrs.,* 74 N. C., 494; *Haymore v. Comrs.,* 85 N. C., 268), and it is now "settled that if plaintiff was prevented from bringing his action during the statutory period by such conduct on the part of the defendant as makes it inequitable to him to plead the statute, or by reason of any agreement not to do so, he will not be permitted to defeat plaintiff's action by interposing the plea." *Tomlinson v. Bennett,* 145 N. C., 281.

"A debtor has frequently been held to be estopped from relying on the statute as a defense where by acts of a fraudulent character he has misled the creditor and induced him to refrain from bringing suit within the statutory period. And if a defendant intentionally or negligently misleads a plaintiff by his misrepresentations and causes him to delay suing until the statutory bar has fallen, the defendant will be estopped from pleading the statute of limitations. And the prevailing view seems to be that the doctrine of estoppel applies where the creditor, before the debt is barred, is lulled into security by the oral promise of the debtor that he will not avail himself of the statute of limitations,

and suit is delayed by reason thereof. It is not necessary that the debtor should intend to mislead, but if his declarations are such as, are calculated to mislead the creditor, who acts upon them in good faith, an estoppel will be created." 17 R. C. L., 884.

In the note to *Missouri R. R. v. Pratt,* 9 Ann. Cases, 755, a large number of cases are cited in support of the statement that "It is a well-settled general rule that a defendant who has not expressly waived the defense of the statute of limitations may be estopped by his conduct from setting up the statute where his conduct, though not fraudulent, has nevertheless directly induced the plaintiff to delay bringing suit until after the expiration of the statutory period." And in *Schrolder v. Young,* 161 U. S., 334, the Court says, "Defendant relies mainly upon the fact that the statutory period of redemption was allowed to expire before this bill was filed, but the court below found in this connection that before the time had expired to redeem the property the plaintiff was told by the defendant Stephens that he would not be pushed, that the statutory time to redeem would not be insisted upon, and that the plaintiff believed and relied upon such assurance. Under such circumstances the courts have held with great unanimity that the purchaser is estopped to insist upon the statutory period, notwithstanding the assurances were not in writing, and were made without consideration, upon the ground that the debtor was lulled into a false security."

There was, therefore, no error in denying the motion to nonsuit on the ground that the promise was not in writing.

We have examined the other exceptions, many of them taken to preserve the rights herein considered, and find nothing that would warrant a reversal of judgment.

No error.