BURDEN PALLET COMPANY, INC. v. RYDER TRUCK RENTAL, INC.

No. 8028SC75

(Filed 21 October 1980)

1. Contracts § 5— lease of personal property – writing signed by parties unnecessary

A contract for the lease of personal property is not required by statute to be in writing and signed by the parties.

2. Contracts § 16; Estoppel § 4.3– lease of equipment – condition imposed by lessor – waiver – equitable estoppel

In an action to recover for breach of a contract to lease a tractor and trailer from defendant where the agreement provided that it was not binding upon defendant until executed at its general offices in Miami, defendant waived this requirement or should equitably be estopped from asserting it, since the lease agreement was prepared by defendant, executed by plaintiff, and returned to and retained by defendant or its agent; plaintiff was not advised of any time period within which the contract would be submitted to and executed or rejected at defendant's Miami offices; defendant provided a tractor and accepted payments from plaintiff under the contract terms for a substantial period of time; over a period of about a year defendant failed to

notify plaintiff that the agreement was rejected and not signed at its Miami offices; and plaintiff relied on defendant's promises to alter an electronic van for use with the tractor.

APPEAL by plaintiff from *Gaines, Judge.* Judgment entered 9 October 1979 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals in Waynesville on 26 August 1980.

The plaintiff appeals from the judgment allowing defendant's motion for a directed verdict made at the close of plaintiff's evidence and awarding defendant $5,154.33 on its counterclaim as stipulated.

The plaintiff alleged and offered evidence tending to show the following:

In May 1975, Burt J. Burden, then engaged in the manufacture of wooden pallets under the name of Burden Pallet Company, decided to bid on a proposal by Walker Manufacturing Company for the delivery of pallets to various distribution points óutside North Carolina. Before submitting his bid, Burden conferred with Charles King, defendant's manager of the Asheville Branch, about his need for a large trailer to deliver the pallets. King suggested to Burden an Electrovan trailer, 45'. × 13'6", and Burden, after determining that he could load at least 1400 pallets in the trailer, agreed to lease from defendant the Electrovan trailer and a suitable tractor to pull the same if he were the successful bidder on the Walker proposal. In August 1975, Burden informed defendant (King) that he had been awarded the Walker contract.

King brought to Burden a "Truck Lease and Service Agreement," dated 14 August 1975, which was signed by Burden six days thereafter. King signed the agreement as a witness. The agreement provided that it was not "binding upon Ryder until executed at its general offices in Miami . . . ." The agreement was not so executed in Miami.

The agreement provided for the lease by defendant Ryder to plaintiff for one year of an IHC single-axle Diesel truck, and a GD Electronics Van, for a fixed rental charge, fuel cost, and mileage rate.

Plaintiff learned from one of its two drivers that a single-axle tractor could not be used because it would be over the

statutory axle weight. King then agreed to substitute a tandem tractor, and so changed the Agreement, including a change in the weekly rental, the fuel cost and mileage rate, with pen and ink, which plaintiff initialed.

Plaintiff's driver went to defendant's place of business to get the tractor and van and discovered that the tractor would not turn because its rear wheels would run into the landing gear, or dollies, of the van.

King promised plaintiff that he would have the van modified so it would work with the tandem tractor, and that he would send it to Savannah for that purpose. He offered plaintiff a standard 13'6" trailer until the modification was made, but the standard trailer had an inside roll-up door which reduced its capacity so it was returned to defendant. Plaintiff then leased a standard 13'6" trailer from another company, and attempted to perform the pallet deliveries under his contract with Walker.

On numerous occasions thereafter plaintiff inquired of King as to when the modified Electrovan would be available, but the modified van was never obtained for plaintiff. Finally, in mid-1976, defendant proposed to get the modified trailer for him if he would sign a contract providing for a substantially higher cost. Plaintiff refused.

Plaintiff lost money because he could not deliver economically the pallets under his contract with Walker Manufacturing, and plaintiff was forced to abandon the contract.

*Bennett, Kelly & Cagle by Harold K. Bennett for plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes & Davis by Larry McDevitt for defendant appellee.*

CLARK, Judge.

The defendant's motion for directed verdict was made orally but the record on appeal does not disclose the specific grounds therefor. G.S. 1A-1, Rule 50(a). The better practice is to set forth the specific grounds in a written motion. "If the movant relies upon an oral statement for such specific grounds, a transcript thereof must be incorporated in the case on appeal." *Hensley v. Ramsey*, 283 N.C. 714, 726, 199 S.E. 2d 1, 8

(1973). Such transcript does not appear in the record on appeal. However, the parties concede in their briefs that the only ground stated by defendant, and the basis for the judgment directing the verdict, was that the contract was unenforceable because it was not signed by the defendant as required by the contract. Under the circumstances we elect to waive the Rule 50(a) violation and to consider the appeal on its merits.

[1]  A contract for the lease of personal property is not required by statute to be in writing and signed by the parties. The object of a signature to a contract is to show assent, but the signing of a written contract is not necessarily essential to its validity. Assent may be shown in other ways, such as acts or conduct or silence. *Fidelity and Casualty Co. v. Charles W. Angle, Inc.*, 243 N.C. 570, 91 S.E. 2d 575 (1956); *Coppersmith v. Aetna Ins. Co.*, 222 N.C. 14, 21 S.E. 2d 838 (1942); *Executive Leasing Associates v. Rowland*, 30 N.C. App. 590, 227 S.E. 2d 642 (1976).

[2]  The issue on appeal involves more than failure of a party to sign a written contract in that the contract (lease agreement) contained a specific provision that it was "not binding upon Ryder until executed at its general offices in Miami . . . ." But basically the same principle of law is applicable. Though the contract made signing at its offices in Miami a condition precedent to being bound, the circumstances may, however, either amount to a waiver of this requirement or work an equitable estoppel against Ryder. *Oliver v. U.S. Fidelity and Guaranty Co.*, 176 N.C. 598, 97 S.E. 490 (1918); 17 Am Jur. 2d, *Contracts*, § 71. And we find that the circumstances in this case are sufficient to withstand a directed verdict for defendant and to justify the submission to the jury of an appropriate issue on the validity of the contract.

We find particularly significant the following circumstances: The lease agreement was prepared by defendant, executed by plaintiff, and returned to and retained by defendant or its agent. Plaintiff was not advised of any time period within which the contract would be submitted to and executed or rejected at defendant's Miami offices. Defendant provided a tractor and accepted payments from plaintiff under the contract terms for a substantial period of time. Over a period of about a year defendant failed to notify plaintiff that the agreement was rejected and not signed at its Miami offices. Plaintiff relied on

defendant's promises to alter an electronic van for use with the tractor.

These acts and conduct by the defendant are substantial evidence that defendant waived its contract right to first have it signed at its Miami offices or should be equitably estopped from asserting that right. It would be unconscionable to allow the defendant to accept the benefits of the contract and to avoid its obligations thereunder by retaining the contract unsigned.

The judgment for directed verdict is vacated and the cause is remanded.

Vacated and Remanded.

Chief Judge MORRIS and Judge HILL concur.