FRANCES C. MOSELY v. WAM, INC., DAVID J. WILSON, BETH H. WILSON, EDWIN L. YANCEY, JILL J. YANCEY, KENNETH B. MEYER, AND ELIZABETH B. MEYER, JOINTLY AND SEVERALLY; J.M. N.C. STATE, INC., SUCCESSOR IN INTEREST TO WAM, INC., EDWIN L. YANCEY, JILL J. YANCEY, KENNETH B. MEYER, AND ELIZABETH B. MEYER v. AMERICAN FOOD CORPORATION, MARCUS K. GURGANUS, CHRYSANTHE GEORGES F/K/A CHRYSANTHE GURGANUS, ERNEST T. GURGANUS, AND MARIA M. GURGANUS

No. COA03-1554

(Filed 21 December 2004)

**1. Landlord and Tenant— assignment of lease—signature of lessor—not necessary**

There was a valid assignment of a lease, and the trial court correctly granted summary judgment against the third-party defendant, where the assignment stated that the original lessee "requested" that the lessor join in the assignment, with a blank signature block. If the lessor's signature had been necessary for the assignment to be effective, the lease would have used compulsory language.

---

1. No such argument was offered in defendant's brief.

MOSELY v. WAM, INC.

[167 N.C. App. 594 (2004)]

**2. Landlord and Tenant— assignment of lease—no signature by lessor—binding**

A lease assignment agreement was binding on the third-party defendant, American Food Corporation, and summary judgment was correctly granted against American Food, where American Food twice agreed to assume the lease in the agreement, signed the agreement, moved into the premises and paid the monthly rent, although it argued that it had intended to be bound by the assignment only if it was signed by the original lessor, which never happened.

**3. Landlord and Tenant— assignment of lease—no condition precedent**

There was no condition precedent to a lease assignment where the agreement "requested" the signature of the lessor. Conditions precedent are not favored, and will not be read into a contract where they are not clearly indicated.

**4. Landlord and Tenant— action for unpaid rent—affirmative defenses—facts not set out—summary judgment**

The trial court did not err by granting summary judgment for the third-party plaintiff on affirmative defenses where the third-party defendant failed to set out facts in dispute concerning those defenses.

Appeal by Third-Party Defendants from judgment entered 28 March 2003 by Judge Ripley E. Rand in Superior Court, Wake County. Heard in the Court of Appeals 13 September 2004.

*Younce Hopper Vtipil & Bradford, by Kevin P. Hopper, and Nicholls & Crampton, by Kevin Sink, for Third-Party Defendants-Appellants.*

*Faison & Gillespie, by Michael R. Ortiz and John-Paul Schick, for Third-Party Plaintiffs-Appellees.*

WYNN, Judge.

Third-Party Defendants (American Food Corporation, Marcus K. Gurganus, Chrysanthe Georges f/k/a/ Chrysanthe Gurganus, Ernest T. Gurganus, and Maria M. Gurganus) (hereinafter collectively referred to as "American Food Corporation"), appeal from an order granting summary judgment in favor of Third-Party Plaintiffs (J.M. N.C. State, Inc., successor in interest to WAM, Inc., David J. Wilson, Beth H.

Wilson, Edwin L. Yancey, Jill L. Yancey, Kenneth B. Meyer, and Elizabeth B. Meyer) (hereinafter collectively referred to as "J.M. N.C. State"). After careful review, we affirm.

In 1997, pursuant to an assignment, J.M. N.C. State operated a Jersey Mike's submarine sandwich shop on premises leased under a commercial contract with Plaintiff Frances C. Mosely. During that year, J.M N.C State began negotiations with American Food Corporation, for the sale of the Jersey Mike's franchise. As a result, on 2 January 1998, the parties signed and entered into a Purchase and Sale Agreement which set forth the terms and conditions of the sale. Additionally, American Food Corporation paid a purchase price of $255,000 to assume the disputed lease and purchase the Jersey Mike's franchise, as well as all of the inventory, furniture, fixtures, and equipment at the store. To facilitate the agreement, the parties entered into an Assignment, Modification, and Assumption of Lease ("Assignment Agreement").

Although the Assignment Agreement had a signature block for Mosely (the landlord) to sign, this never occurred. In fact, Mosely indicated that she only became aware of the written Assignment ten months after it was executed. In the meantime, American Food Corporation occupied the premises, operated the Jersey Mike's franchise, and paid all monthly rent payments directly to Mosely, who made no objection to the payments during this time.

In 1999, American Food Corporation sold the Jersey Mike's franchise to Jeffrey A. Warren. This sale was for the same assets and purchase price as the transaction between J.M. N.C. State and American Foods Corporation. Although the record fails to show that Mosely approved this transaction and assignment, it does show that she accepted, without objection, monthly rent payments from Warren. Warren stated in his affidavit that American Food Corporation affirmatively represented at the time of the sale that he would be getting a four-year lease, not a month-to-month tenancy. Warren operated the store until 2001, when he closed it prompting Mosely to bring this action for the unpaid rent due under the lease against J.M. N.C. State who thereafter, filed an Amended Answer, Motions, and Third-Party Complaint, which impleaded and sought indemnification from American Food Corporation.

On 1 February 2002, Moseley voluntarily dismissed, with prejudice, three of the Plaintiffs—WAM, Inc., David Wilson, and Beth Wilson. On 10 September 2002, the trial court awarded an entry of

default judgment against two of the Third-Party Defendants—Ernest and Maria Gurganus. On 28 March 2003, the trial court granted summary judgment against American Food Corporation. From that judgment, American Food Corporation appealed.

---

"[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). Also, the evidence presented by the parties must be viewed in the light most favorable to the non-movant. *Id.* The court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003).

The initial burden of establishing that there is no issue of material fact lies with the movant, but once this burden is satisfied, the burden then switches to the non-movant to show a genuine issue of material fact. *Thompson v. First Citizens Bank & Trust Co.*, 151 N.C. App. 704, 706, 567 S.E.2d 184, 187 (2002). "An issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). Once the movant meets this burden, the non-movant must "produce a forecast of evidence" demonstrating specific facts, as opposed to allegations, establishing at least a prima facie case at trial. *Thompson*, 151 N.C. App. at 706, 567 S.E.2d at 187.

In this appeal, American Food Corporation argues that the trial court erred in granting summary judgment for J.M. N.C. State, and contends that the evidence raised a genuine issue of material fact regarding the assignment of the lease from J.M. N.C. State to American Food Corporation. We disagree.

Under the general rules of contract construction, where an agreement is clear and unambiguous, no genuine issue of material fact exists and summary judgment is appropriate. *Corbin v. Langdon*, 23 N.C. App. 21, 27, 208 S.E.2d 251, 255 (1974). In contrast, an ambiguity exists in a contract if the " 'language of the [contract] is fairly and reasonably susceptible to either of the constructions asserted by the

parties.' " *Taha v. Thompson,* 120 N.C. App. 697, 701, 463 S.E.2d 553, 556 (1995) (citation omitted). Also, all contemporaneously executed written instruments between the parties, relating to the subject matter of the contract, are to be construed together in determining what was undertaken. *Yates v. Brown,* 275 N.C. 634, 640, 170 S.E.2d 477, 482 (1969).

[1] American Food Corporation argues that the Assignment Agreement is ambiguous as to whether it requested or required Mosely to sign the Assignment. The Assignment Agreement states, "WHEREAS, J.M. N.C. State, Inc. has requested that Frances C. Moseley join in this assignment to express her consent to the same . . . I Consent. [Blank signature block of Frances C. Moseley]." In construing a contract neither party can obtain an interpretation contrary to the express language of a contract by the assertion that it does not truly express his intent. *Fidelity & Cas. Co. of N.Y. v. Nello L. Teer Co.,* 250 N.C. 547, 550, 109 S.E.2d 171, 173 (1959). The Assignment Agreement provision states that J.M. N.C. State "requested" Mosely's signature. "Requested" is defined as "[t]o express a desire for; ask for." THE AMERICAN HERITAGE COLLEGE DICTIONARY 1160 (3d ed. 1997). If Mosely's signature was necessary for the Assignment Agreement to be effective, the Assignment Agreement could have contained the term "required," "necessitate," or "mandatory." Since the Assignment Agreement is unambiguous on the face of the document, this Court must interpret the document as written. *Martin v. Vance,* 133 N.C. App. 116, 121, 514 S.E.2d 306, 309 (1999). We hold that the Assignment Agreement did not require Mosely's signature to be effective. Therefore, we conclude there was a valid assignment.

[2] American Food Corporation also argues that while it and the other parties signed the Assignment Agreement, they did not intend to be bound by the Assignment Agreement on 2 January 1998, but only on a later date if Mosely signed it. American Food Corporation argues that their lack of assent to the Assignment Agreement makes it not binding on them. We disagree.

Before a valid contract can exist, there must be mutual agreement between the parties as to the terms of the contract. *Walker v. Goodson Farms, Inc.,* 90 N.C. App. 478, 486, 369 S.E.2d 122, 126 (1988). Where there is no mutual agreement, there is no contract. If a question arises concerning a party's assent to a written instrument, the court must first examine the written instrument to ascertain the

intention of the parties. *Routh v. Snap-On Tools Corp.*, 108 N.C. App. 268, 273, 423 S.E.2d 791, 795 (1992).

Here, the Assignment Agreement provides:

American Food Corporation agrees to assume all the obligations of J.M. N.C. State, Inc. as the same were guaranteed by Edwin L. Yancey, Jr. and Jill J. Yancey, and, Kenneth D. Meyer and Elizabeth B. Meyer. The obligations of American Food Corporation, including obligations related to payment of attorney fees, are hereby guaranteed jointly and severally by Marcus K. Gurganus and wife, Chrysanthe Gurganus, and Ernest T. Gurganus and wife, Maria M. Gurganus. This is a guarantee of payment, not of collection. It is understood and agreed, however, that said 'Real Estate Lease' and 'Assignment, Modification, and Assumption of Lease' will be assumed in its entirety by American Food Corporation.

Twice in this paragraph American Food Corporation agrees to assume the lease. Also, American Food Corporation signed at the end of the Assignment Agreement, Marcus K. Gurganus as President of American Food Corporation, and Marcus K. Gurganus, Chrysanthe Gurganus, Ernest T. Gurganus, and Maria M. Gurganus as new guarantors. When a party affixes his signature to a contract, he is manifesting his assent to the contract. *Branch Banking & Trust Co. v. Creasy*, 301 N.C. 44, 53, 269 S.E.2d 117, 123 (1980). "The object of a signature to a contract is to show assent." *Burden Pallet Co., Inc. v. Ryder Truck Rental, Inc.*, 49 N.C. App. 286, 289, 271 S.E.2d 96, 97 (1980). Here, American Food Corporation signed the Assignment Agreement manifesting assent to its terms on 2 January 1998.[1]

Since the Assignment Agreement was unambiguous and all parties manifested their assent to the Assignment Agreement by affixing their signature at the end, there was no material fact in dispute making summary judgment in favor of the J.M. N.C. State proper. *Corbin*, 23 N.C. App. at 27, 208 S.E.2d at 255.

[3] American Food Corporation also argues that the trial court erred in granting summary judgment in favor of J.M. N.C. State on the affirmative defense of "failure of conditions precedent," as the Purchase

---

1. Alternatively, American Foods Corporation also assented to the terms of the Assignment Agreement when it moved into the premises and paid the monthly rent to Mosely. American Food Corporation accepted the benefits of the Assignment Agreement, therefore, it would be unconscionable for it to avoid its obligations. *Burden Pallet Co., Inc.*, 49 N.C. App. at 290, 271 S.E.2d at 98.

and Sale Agreement made Mosely's approval of the Assignment Agreement a condition precedent. We disagree.

A condition precedent is a fact or event that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty. *Cox v. Funk*, 42 N.C. App. 32, 34, 255 S.E.2d 600, 601 (1979). Conditions precedent are not favored by the law. *Craftique, Inc. v. Stevens & Co., Inc.*, 321 N.C. 564, 566, 364 S.E.2d 129, 131 (1988). Thus, the provisions of a contract will not be construed as conditions precedent in the absence of language clearly requiring such construction. *In re Foreclosure of Goforth Props., Inc.*, 334 N.C. 369, 375-76, 432 S.E.2d 855, 859 (1993). " 'The weight of authority is to the effect that the use of such words as 'when,' 'after,' 'as soon as,' and the like, gives clear indication that a promise is not to be performed except upon the happening of a stated event." *Id.* at 376, 432 S.E.2d at 859 (citation omitted).

Here, the Assignment Agreement does not use any words indicating a condition precedent. The Assignment Agreement uses the term "requested" not "as soon as" or the like. This does not clearly indicate a condition precedent, and since condition precedents are not favored by the law one will not be read into this contract where the parties did not clearly indicate one. *Id.* at 375-76, 432 S.E.2d at 859. American Food Corporation argues that there is a condition precedent in the Assignment Agreement that was not fulfilled. However, the affirmative defense related only to the Assignment Agreement, not the Purchase and Sale Agreement. Since the Assignment Agreement was not dependent on or subject to the Purchase and Sale Agreement, this is a nonissue.

[4] American Food Corporation also argues that the trial court erred in granting summary judgment in favor of J.M. N.C. State on the alternative affirmative defenses of estoppel, failure to mitigate damages, and lack of consideration. We disagree.

When the moving party presents an adequately supported motion for summary judgment, the opposing party must come forward with facts, not mere allegations, which rebut the facts set forth in the moving party's case, or otherwise suffer a summary judgment. *Frank H. Conner Co. v. Spanish Inns Charlotte, Ltd.*, 294 N.C. 661, 675, 242 S.E.2d 785, 793 (1978). In this case, American Food Corporation had to assert the affirmative defenses and support them with facts. *Id.* Aside from American Food Corporation's answer, the only responsive affidavit, of Marcus Gurganus, did not address estoppel, mitigation of

PRODUCTION SYS., INC. v. AMERISURE INS. CO.

[167 N.C. App. 601 (2004)]

damages, or lack of consideration. J.M. N.C. State's supporting papers sufficiently demonstrated its entitlement to indemnification. The burden then shifted to American Food Corporation under section 1A-1, Rule 56(c) of the North Carolina General Statutes to show that there is a genuine issue for trial or provide an excuse for not doing so under Rule 56(f). *Brooks v. Smith*, 27 N.C. App. 223, 218 S.E.2d 489 (1975). American Food Corporation failed to do either. "If the party moving for summary judgment successfully carries his burden of proof, the opposing party must, by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial and he cannot rest upon the bare allegations or denials of his pleading." *Hillman v. U.S. Liab. Ins. Co.*, 59 N.C. App. 145, 154, 296 S.E.2d 302, 308 (1982). Since American Food Corporation failed to set forth facts in dispute with regard to the alternative affirmative defenses, summary judgment was appropriate.

J.M. N.C. State also brought a motion for sanctions due to a substantial disregard for appellate rules in American Food Corporation's brief. As American Food Corporation's amended brief did not substantially violate the appellate rules, that motion is denied.

Affirmed.

Chief Judge MARTIN and Judge McGEE concur.