FINOVA CAPITAL CORPORATION, Plaintiff v. BEACH PHARMACY II, LTD and STEVEN C. EVANS, Defendants

No. COA05-404

(Filed 20 December 2005)

**1. Statutes of Limitation and Repose— installment contracts—period begins running from time each individual installment due**

The trial court erred in a breach of lease agreement case by granting summary judgment in favor of defendant lessees based on the running of the statute of limitations where the lease agree-

FINOVA CAPITAL CORP. v. BEACH PHARM. II, LTD.

[175 N.C. App. 184 (2005)]

ment was modified by a bankruptcy confirmation order, defendants thereafter failed to meet their obligation to make twenty consecutive monthly payments of $530.00 beginning August 1998 and one payment of $289.65 in April 2000, and plaintiff filed the complaint on 13 October 2001, because: (1) the lease in this case is governed by the Uniform Commercial Code and is subject to a four-year statute of limitations, and the statute of limitations for filing this action began to run on 30 June 1998; (2) the general rule regarding the running of the statute of limitations for installment contracts is that the limitations period begins running from the time each individual installment becomes due; and (3) plaintiff is barred from recovering only those installment payments due prior to 14 October 1997, four years preceding the 13 October 2001 date on which it filed suit.

## 2. Laches— failure to show change in condition of property or in relations of parties—failure to demonstrate prejudice

The trial court erred in a breach of lease agreement case by granting summary judgment in favor of defendant lessees based on the equitable doctrine of laches, because: (1) laches will only be applied where lapse of time has resulted in some change in the condition of the property or in the relations of the parties which would make it unjust to permit the prosecution of the claim; and (2) defendants failed to demonstrate how they were prejudiced by plaintiff's alleged delay in filing the complaint when under the payment plan, the final payment was due in April 2000 and plaintiff filed suit for breach of the lease agreement on 13 October 2001.

## 3. Leases of Personal Property— modification of lease agreement—breach—summary judgment

The trial court did not err in a breach of lease agreement case by denying plaintiff lessor's motion for summary judgment and its motion for reconsideration even though plaintiff contends the trial court failed to recognize the scope and effect of the bankruptcy court's confirmation order, because while the confirmation order modifies the lease agreement and is binding on the parties, genuine issues of material fact remain regarding whether defendants breached the lease agreement as modified.

Appeal by plaintiff from orders entered 20 September 2004 and 6 January 2005 by Judge William C. Griffin, Jr., in Dare County Superior Court. Heard in the Court of Appeals 17 November 2005.

FINOVA CAPITAL CORP. v. BEACH PHARM. II, LTD.

[175 N.C. App. 184 (2005)]

*Smith Debnam Narron Wyche Saintsing & Myers, L.L.P., by Byron L. Saintsing and Connie E. Carrigan, for plaintiff-appellant.*

*Dixon and Dixon Law Offices, PLLC, by David R. Dixon, for defendants-appellees.*

TYSON, Judge.

Finova Capital Corporation ("plaintiff") appeals from order entered denying its motion for summary judgment and granting summary judgment in favor of Beach Pharmacy II, Ltd. and Steven C. Evans ("defendants") and order denying plaintiff's motion for reconsideration. We affirm in part, reverse in part, and remand.

## I. Background

International Display Ltd. and its affiliated companies ("Recomm") operated a nationwide network of electronic message boards and kiosks. Recomm marketed and distributed to pharmacists, veterinarians, and optometrists. Recomm's customers ("lessees") acquired the equipment and executed finance leases. Plaintiff is a finance company ("lessor") who provided lease financing to customers such as defendants who leased Recomm's equipment.

On 13 May 1993, plaintiff's predecessor-in-interest, Bell Atlantic TriCon Leasing Corporation, and defendant Beach Pharmacy II, Ltd. entered into a written lease for Recomm's office equipment. Defendant Steven C. Evans guaranteed the lease agreement. In 1996, Recomm and its affiliated companies filed for Chapter 11 bankruptcy protection in United States Bankruptcy Court for the Middle District of Florida. The bankruptcy cases were subsequently consolidated by order dated 1 April 1998.

A debtor's plan of reorganization was filed. The plan proposed a resolution to pending litigation between the lessors, lessees, and Recomm. The bankruptcy court entered an order confirming the plan of reorganization on 13 May 1999. The confirmation order and plan of reorganization modifies the lease agreements between the lessors and the lessees.

The confirmation order releases the lessors from all claims that otherwise may have been raised by the lessees in connection with the matters occurring prior to the 30 June 1998 effective date. It also releases the lessees from all claims that otherwise may have been

**FINOVA CAPITAL CORP. v. BEACH PHARM. II, LTD.**

[175 N.C. App. 184 (2005)]

raised by the lessors in connection with matters occurring prior to the effective date. The plan of reorganization recalculated the amount of lease payments the lessors were due.

On 30 June 1998, plaintiff sent defendants a letter which advised them of the modifications to their lease agreement and presented them with options to pay the amount owed under the lease as modified. Defendants failed to select a payment option and were deemed to have selected "Option 4," which obligated defendants to pay the balance due over a period of time. Plaintiff alleged defendants failed to pay the amount due and filed a complaint in Wake County Superior Court on 18 October 2001 for breach of the lease agreement.

Defendants filed an answer asserting the affirmative defenses of laches, estoppel, and statute of limitations. Defendants amended their answer to assert their defenses did not relate "to time, conduct and/or events" occurring prior to 30 June 1998 "based on the contracts created by the Middle District of Florida Bankruptcy Court's May 13, 1998 Confirmation Order in the RECOMM bankruptcy case." This case was subsequently removed to the Dare County Superior Court. Plaintiff filed a motion for summary judgment on 6 July 2004. The trial court issued an order granting summary judgment in favor of defendants and denying plaintiff's motion. Plaintiff moved for the trial court to reconsider its order granting summary judgment in favor of defendants. The trial court reaffirmed its earlier order. Plaintiff appeals.

## II. Issue

The sole issue on appeal is whether the trial court erred in denying plaintiff's motion for summary judgment and granting summary judgment in favor of defendants and denying its motion for reconsideration.

## III. Standard of Review

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). The evidence must be considered in a light most favorable to the non-moving party. *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). When reviewing a lower court's grant of summary judgment, our standard of review is *de novo*. *Id.*

We note that the trial court is not required to make findings of fact in an order granting summary judgment. *Insurance Agency v. Leasing Corp.*, 26 N.C. App. 138, 142, 215 S.E.2d 162, 165 (1975). "There is no necessity for findings of fact where facts are not at issue, and summary judgment presupposes that there are no triable issues of material fact." *Id.*

### IV. Summary Judgment in Favor of Defendants

### A. Statute of Limitations

[1] Plaintiff argues the trial court erred by granting summary judgment in favor of defendants based on the running of the statute of limitations.

Defendants argue "[a]n action for breach of contract must be brought within three years from the time of the accrual of the cause of action." *Penley v. Penley*, 314 N.C. 1, 19-20, 332 S.E.2d 51, 62 (1985) (citations omitted); N.C. Gen. Stat. § 1-52 (2003). Generally, a cause of action accrues when the right to institute a suit arises. *Id.* at 20, 332 S.E.2d at 62. "The statute begins to run on the date the promise is broken." *Id.* Plaintiff contends the lease in this case is governed by the Uniform Commercial Code and subject to a four-year statute of limitations. We agree.

The Uniform Commercial Code provides, "[a]n action for default under a lease contract, including breach of warranty or indemnity, must be commenced within four years after the cause of action accrued." N.C. Gen. Stat. § 25-2A-506(1) (2003). The Uniform Commercial Code recites the definition of a lease:

> "Lease" means a transfer of the right to possession and use of goods for a term in return for consideration, but a sale, including a sale on approval or a sale or return, or retention or creation of a security interest is not a lease. Unless the context clearly indicates otherwise, the term includes a sublease. The term includes a motor vehicle operating agreement that is considered a lease under § 7701(h) of the Internal Revenue Code.

N.C. Gen. Stat. § 25-2A-103(j) (2003).

The lease agreement entered into on 13 May 1993 was originally structured with a four-year lease term. The final payment, prior to modification, was due on 13 April 1997. An injunction was entered in the Recomm bankruptcy action in March 1996, which stayed collection efforts pursuant to the lease agreements and tolled the statute of

limitations period. The bankruptcy court's confirmation order was docketed on 30 June 1998 and the stay imposed by the injunction was lifted.

The parties' obligations under the lease were modified by the confirmation order. The statute of limitations for filing this action began to run on 30 June 1998. After the lease agreement was modified, defendants were obligated to make twenty consecutive monthly payments of $530.00 beginning August 1998 and one payment of $289.65 in April 2000. Plaintiff filed the complaint on 13 October 2001.

"The general rule regarding the running of the statute of limitations for installment contracts is that the limitations period begins running from the time each individual installment becomes due." *Vreede v. Koch*, 94 N.C. App. 524, 527, 380 S.E.2d 615, 617 (1989) (citation omitted). Plaintiff is barred from recovering only those installment payments due prior to 14 October 1997, four years preceding the 13 October 2001 date on which it filed suit. *Id.* at 528, 380 S.E.2d at 617. The trial court erred in granting summary judgment in favor of defendants based on the expiration of the statute of limitations.

### B.  Laches

[2] Defendants argue the trial court correctly granted summary judgment in their favor based on the equitable doctrine of laches. We disagree.

The equitable doctrine of laches will be applied "where lapse of time has resulted in some change in the condition of the property or in the relations of the parties which would make it unjust to permit the prosecution of the claim[.]" *Teachey v. Gurley*, 214 N.C. 288, 294, 199 S.E. 83, 88 (1938). The facts and circumstances of the case determine whether the delay will constitute laches. *MMR Holdings, LLC v. City of Charlotte*, 148 N.C. App. 208, 209, 558 S.E.2d 197, 198 (2001). "[T]he delay must be shown to be unreasonable and must have worked to the disadvantage, injury or prejudice of the person seeking to invoke the doctrine of laches[.]" *Id.* at 209-10, 558 S.E.2d at 198.

Plaintiff sent a letter to defendants dated 30 June 1998 which set forth defendants' options in making the required payments. The letter stated the first revised monthly payment was due August 1998. Under "Option 4," defendants were required to make monthly payments over a period of twenty-one months. Under this plan, the final payment was due in April 2000. Plaintiff filed suit for breach of the lease agree-

ment on 13 October 2001. Defendants failed to demonstrate how they were prejudiced by plaintiff's alleged delay in filing the complaint. *Id.* The record does not support the trial court's granting of summary judgment in favor of defendants based on the equitable doctrine of laches.

## V. Denial of Plaintiff's Motion for Summary Judgment

[3] Plaintiff argues the trial court erred in denying its motion for summary judgment and its motion for reconsideration. We disagree.

Plaintiff is designated as a "participating lessor" and defendants are designated as "participating lessees" under the reorganization plan confirmed by the bankruptcy court. The reorganization plan recalculates the amount the participating lessees owe the participating lessors under their lease agreements. The reorganization plan provides the participating lessors shall deliver a statement to their participating lessees setting forth the balance due, the lessees' options with respect to paying the balance, and instructions for exercising such options. Pursuant to the reorganization plan and confirmation order, plaintiff sent defendants a letter setting forth defendants' payment options. Defendants failed to select a payment option under the modified lease and was deemed to have selected "Option 4."

The bankruptcy court's confirmation order provides that "the Leases as modified are valid and binding as between the Released Lessor Parties and Participating Lessees only in accordance with their terms . . . ." Plaintiff argues the trial court failed to recognize the scope and effect of the bankruptcy court's confirmation order in denying its motion for summary judgment. While the confirmation order modifies the lease agreement and is binding on the parties, genuine issues of material fact remain regarding whether defendants breached the lease agreement as modified. The trial court did not err in denying plaintiff's motion for summary judgment and its motion for reconsideration. This assignment of error is overruled.

## VI. Conclusion

The trial court erred in granting summary judgment in favor of defendants based on the expiration of the statute of limitations and the equitable doctrine of laches. Because genuine issues of material fact exist regarding defendants' alleged breach of the lease agreement, the trial court properly denied plaintiff's motion for summary judgment and its motion for reconsideration.

That portion of the trial court's order granting summary judgment to defendants is reversed. That portion of the trial court's order denying plaintiff's motion for summary judgment and plaintiff's motion for reconsideration is affirmed.

Affirmed in part, Reversed in part, and Remanded.

Judges HUDSON and LEVINSON concur.