MICHAEL ALMON DEMERITT AND CAROLYN P. DEMERITT, PLAINTIFFS v.
JOHN K. SPRINGSTEED, DEFENDANT

No. COA09-1075

(Filed 1 June 2010)

**Real Property— failed closing—conditions precedent in contract—not waived**

The trial court correctly granted defendant's motion for summary judgment in an action arising from the failure of a real estate closing and a subsequent sale for a lesser amount. There

was no dispute that conditions precedent in the contract were not satisfied; while plaintiff contended that defendant waived the conditions, defendant demonstrated that he wanted the sale to go through and that the conditions precedent were not satisfied due to external factors.

Appeal by plaintiffs from judgment entered 4 March 2009 by Judge Richard L. Doughton in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 February 2010.

*James, McElroy & Diehl, P.A., by John R. Buric and Jon P. Carroll, for plaintiffs.*

*DeVore, Acton & Stafford, PA, by Fred W. DeVore, III, for defendant.*

ELMORE, Judge.

On 26 April 2006, Michael and Carolyn Demeritt (plaintiffs) entered into a contract with John Springsteed (defendant), agreeing to sell property in Charlotte to defendant. The parties signed an agreement for purchase and sale of real property, which specified that the closing would occur

on or before August 31, 2006 or upon approval by the proper zoning, planning, and governing bodies of a plan to create at least 3 lots with city water and city sewer, gas, electric, storm drain, sidewalks, and retention basins along with other such requirements imposed by the planning commission, Mecklenburg County, and the City of Charlotte.

Defendant told plaintiffs that he planned to close on the property on 31 August 2006. He explained his plan to incorporate plaintiffs' property into a larger, overall development plan that would include property owned by another landowner that was contiguous with plaintiffs' property. Under the development plan, defendant would subdivide plaintiffs' property for residential use. These intentions to subdivide and sell to a developer were part of the contract. Defendant encouraged plaintiffs to relocate by 31 August. Plaintiffs did find a new home, and they scheduled the closing on their new home on 31 August, the same day that they intended to close on the property with defendant.

In the meantime, defendant worked to get approval for the development by the planning commission, Mecklenburg County, and the

**DEMERITT v. SPRINGSTEED**

[204 N.C. App. 325 (2010)]

City of Charlotte, but he was unable to obtain the necessary permits. As a result, defendant sent notice of his intention to terminate the contract to both plaintiffs and their real estate agent in a letter dated 2 August 2006. In his letter to plaintiffs, defendant asked plaintiffs to sign the termination of contract form and return one copy to him. Defendant received no response; plaintiffs claim they did not receive this letter. Plaintiffs' real estate agent, however, acknowledges receipt of a copy of the termination of contract form. Upon receiving the termination notice, the real estate agent immediately mailed it to plaintiffs. Defendant sent another letter to plaintiffs and their realtor dated 11 August 2006. Again, plaintiffs claim that they never received this letter.

When the deal fell through, plaintiffs put their property on the market, and they ultimately sold it for a lower price than the price that defendant had agreed to pay for it. Plaintiffs sued defendant to recover damages associated with this loss.

Plaintiffs filed their complaint on 13 February 2008, alleging claims for breach of contract, fraud, and unfair trade practices arising out of their failed real estate transaction with defendant. Defendant filed an answer, in which he denied the allegations, and defendant also filed a motion for judgment on the pleadings. The trial court denied defendant's motion on 16 September 2008.

In February 2009, about a month before the trial was scheduled to begin, defendant filed an untimely motion for summary judgment. On 3 March 2009, the parties appeared before the trial court for a pretrial conference, during which they agreed that, in the interest of judicial economy, defendant's motion for summary judgment should be heard. Plaintiffs asked to file affidavits in opposition to defendant's motion, and the court granted permission. The hearing was scheduled for the next day.

Before the hearing, plaintiffs filed affidavits in opposition to the motion for summary judgment and voluntarily dismissed, without prejudice, their claims for fraud and unfair trade practices. The trial court considered the motion for summary judgment at the hearing, and it granted summary judgment in defendant's favor. Plaintiffs now appeal.

Plaintiffs argue that the trial court committed reversible error by granting defendant's motion for summary judgment because the pleadings, discovery materials, and affidavits raised a genuine issue of material fact concerning defendant's breach of contract.

Specifically, plaintiffs argue that defendant acted in ways to represent to plaintiffs that defendant had voluntarily and intentionally relinquished his right to rely on the agreement's conditions precedent to closing. There were three relevant conditions precedent in this contract: (1) Section 1(c) of the contract conditioned the closing on approval in writing of defendant's development plan by the planning commission, Mecklenburg County, and the City of Charlotte. (2) Section 1(g) made the contract conditioned "upon closing property owned by Webb next door on Sharonview." (3) Section 6(d) of the contract made the closing conditioned on the approval of defendant's "Intended Use," which may not violate any private restriction or governmental regulations.

"When reviewing a lower court's grant of summary judgment, our standard of review is *de novo*." *Finova Capital Corp. v. Beach Pharmacy II, Ltd.*, 175 N.C. App. 184, 187, 623 S.E.2d 289, 291 (2005) (citation omitted). When considering a motion for summary judgment, a court must consider the evidence in a light most favorable to the non-moving party. *Id.* at 187, 623 S.E.2d at 291 (citation omitted). Moreover, a court must deny a motion for summary judgment "if there is any issue of genuine material fact." *Singleton v. Stewart*, 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972) (citations omitted); N.C. Gen. Stat. § 1A-1, Rule 56(c) (2009).

As outlined above, there were three relevant conditions precedent present in this contract. Defendant asserts, and plaintiffs do not dispute, that these conditions were not met: defendant was not able to receive approval in writing for the development project by the planning commission, Mecklenburg County, and the City of Charlotte; the neighboring property was not bought; and the Planning Commission failed to approve defendant's proposed subdivision and advised defendant that the proposal would likely be in conflict with private covenants, conditions, and restrictions on the surrounding properties.

Plaintiff does not dispute that these conditions precedent were not satisfied, but instead plaintiff argues that defendant waived the conditions in the agreement by his conduct. It is well settled in North Carolina that a "party may waive a contractual right by any intentional and voluntary relinquishment." *McNally v. Allstate Ins. Co.*, 142 N.C. App. 680, 683, 544 S.E.2d 807, 809-10 (2001) (citation omitted). "The essential elements of waiver are (1) the existence, at the time of the alleged waiver, of a right, advantage or benefit; (2) the knowledge, actual or constructive, of the existence thereof;

and (3) an intention to relinquish such right, advantage or benefit." *Fetner v. Granite Works*, 251 N.C. 296, 302, 111 S.E.2d 324, 328 (1959) (citation omitted).

"The intention to waive may be expressed or implied from acts or conduct that naturally lead the other party to believe that the right has been intentionally given up." *Klein v. Insurance Co.*, 289 N.C. 63, 68, 220 S.E.2d 595, 599 (1975). For example, this Court held that a party may waive a condition precedent by performing on the contract despite knowledge that a condition has not occurred. *Fletcher v. Jones*, 314 N.C. 389, 333 S.E.2d 731 (1985). In *Fletcher*, the plaintiff-purchaser and defendant-seller entered into a contract for the sale of land. *Id.* at 390, 333 S.E.2d at 733. A specific closing date was listed in the agreement, but the defendant continued to assure the plaintiff of his intentions to sell even five months after this date had passed. *Id.* at 390-91, 333 S.E.2d at 733. After repeated assurances that the defendant would sell the property to the plaintiffs, the defendant returned the earnest money along with a letter stating that the contract was null and void. *Id.* at 391-92, 333 S.E.2d at 733. The defendant then sold the property to a third party. *Id.* at 391, 333 S.E.2d at 733. Plaintiff sued for specific performance and special damages. *Id.* at 392, 333 S.E.2d at 734. The trial court granted specific performance and denied special damages. *Id.* The Supreme Court affirmed, explaining: "oral representations and assurances by defendant to plaintiff of defendant's willingness to perform subsequent to [the specified closing date] indicated an intent on defendant's part to waive the [specified closing date] and further extend the time in which the parties could perform." *Id.* at 394, 333 S.E.2d at 735.

Plaintiff argues that the following actions taken by defendant constituted waiver:

> subsequent to the parties' execution of the Agreement, Defendant repeatedly told Plaintiffs that he intended to purchase the Property; that closing would occur on 31 August 2006; that another, third-party buyer intended to develop the Property along with a neighboring tract; and that Plaintiffs needed to "be out" of the home no later than the 31 August 2006 closing date to accommodate the larger development plan.

An essential element of waiver is the intention to relinquish a right. For example, the defendant in *Fletcher* demonstrated his intention to waive the closing date by continuing to assure the plaintiff that he wanted to go through with the transaction in the five months after the original closing date. Here, defendant verbalized his intention to

purchase the property by 31 August, reinforcing the agreement as written. Additionally, defendant acted in accordance with the contract by seeking approval for his development plan from the city and county. Plaintiff points only to evidence that defendant acted in accordance with the written agreement; plaintiff has demonstrated no contradictory intentions or actions. Therefore, defendant did not waive any right.

Plaintiffs rely on *Bone International, Inc. v. Johnson* in their argument. 74 N.C. App. 703, 329 S.E.2d 714 (1985). In *Bone,* a truck dealer sold two trucks to the defendant and signed an agreement in which there were no express or implied warranties on the trucks. *Id.* at 705, 329 S.E.2d at 716. Later, the defendant threatened to cancel the sale because he learned that the trucks' engines were faulty. *Id.* at 705-06, 329 S.E.2d at 716. The dealership told the defendant that the dealership would repair any faulty engines at no cost, so the defendant followed through with the sale. *Id.* When the trucks' engines did have problems, the dealership repaired them and billed the defendant for the work. *Id.* The defendant refused to pay, and the dealership sued to recover the repair costs. *Id.* at 705, 329 S.E.2d at 716. The dealership filed a motion for summary judgment, which the trial court granted. *Id.* However, this Court reversed the trial court's order because the alleged oral modification of the contract "raises a statutory defense to plaintiff's suit and so creates a genuine issue of material fact, precluding summary judgment." *Id.* at 707, 329 S.E.2d at 717. Neither party raised the issue of waiver.

Plaintiffs argue that *Bone* is analogous to this case, but we disagree. In *Bone,* the parties modified the contract orally in a way that contradicted the written contract terms. Here, however, defendant acted in ways that reinforced the intention of the parties and the contract; defendant did not act in a way that contradicted the written agreement.

Plaintiffs also argue that defendant was in a unique position to either ensure that the conditions were met or to waive them. They further argue that this unique position is significant to the analysis of waiver. Plaintiffs point to *Burden Pallet Co. v. Truck Rental, Inc.,* to support this argument. 49 N.C. App. 286, 271 S.E.2d 96 (1980). Plaintiffs have drawn incorrect inferences from *Burden Pallet.* In *Burden Pallet,* the plaintiff signed a contract with the defendant for sale of a tractor. *Id.* at 287, 271 S.E.2d at 97. The defendant did not sign the contract, though this was unclear to the plaintiff. *Id.* Meanwhile, both parties acted in compliance with the contract: the

defendant provided a tractor to the plaintiff while accepting payments from the plaintiff under the terms of the contract. *Id.* at 289, 271 S.E.2d at 98. The defendant enjoyed the benefits of the contract, but then later refused to perform his obligations under the contract. *Id.* at 290, 271 S.E.2d at 98. Defendant argued that the unsigned contract was unenforceable. *Id.* at 289, 271 S.E.2d at 97. The trial court granted a directed verdict to the defendant on the basis of an unsigned and, thus, unenforceable, contract. *Id.* This Court vacated the trial court's grant of directed verdict and remanded on the issue of whether the contract was enforceable. *Id.* at 289-90, 271 S.E.2d at 97-98.

This Court did not vacate the directed verdict based on the defendant's unique position, as stated by plaintiffs. Instead, this Court vacated the directed verdict based on the "acts and conduct by the defendant" including the fact that the defendant provided the plaintiff with a tractor and accepted payments according to the contract terms. *Id.* at 290, 271 S.E.2d at 98. By complying with the contract and by not telling the plaintiff that he did not sign the contract, the defendant lost his right to later claim the contract was unenforceable. *Id.*

*Burden Pallet* is distinguishable from the present case. Here, both parties signed and acted in accordance with the written agreement. Neither party benefitted from the contract while avoiding contractual obligations as the Court warned against in *Burden Pallet. Id.* at 290, 271 S.E.2d at 98. Defendant acted in accordance with the contract when he sought project approval by the planning commission, Mecklenburg County, and the City of Charlotte. Though defendant was not granted approval for his subdivision, this does not represent a waiver. Additionally, when the neighboring land was not sold, it was not because defendant acted in a way that contradicted the terms of the contract. Defendant demonstrated that he wanted the sale to go through, but due to external factors the conditions precedent were not satisfied.

Defendant's actions and intentions do not contradict the written agreement. Therefore this Court cannot find that he waived his rights. Accordingly, we hold that summary judgment was proper, and we affirm the trial court's decision.

Affirmed.

Judges STEELMAN and JACKSON concur.